UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:16-cr-00181-SEB-DML |
| | ) |
| DESMOND MARTIN, | ) -01 |
| | ) |
| Defendant. | ) |

## ORDER DENYING MOTION TO SUPPRESS

Pending before the court is Defendant's fully briefed motion to suppress the evidence that was obtained by Indianapolis Metropolitan Police Department officers following the stop by Officer Lawrence Cress of the automobile in which Defendant and his co-defendant were occupants on the night of May 10, 2016, and suspected of being involved in an armed robbery of a nearby gas station minutes before.

The facts, in summary fashion, underlying the motion are as follow:

Near midnight on May 10, 2016, following receipt of a radio/computer transmission from the IMPD dispatcher of a phoned in report by residents of a home located on a remote cul-de-sac in a residential neighborhood in southeast Indianapolis that a suspicious maroon Buick automobile was parked outside their house in which two males had arrived and then exited on foot carrying back packs,  leaving the car parked in that location;  which report was followed within a few minutes by another account from the IMPD dispatcher of an armed robbery that had occurred minutes before at a nearby

gas station involving two Black males who had fled the area on foot, veteran IMPD officer Lawrence Cress responded to these two reports from the dispatcher by driving his police care along a route that he anticipated the suspected robbers might be using to escape the area in their maroon Buick. Officer Cress's hunch was correct because, within approximately five minutes of his receipt of the dispatcher's report, he arrived at the intersection with the street where the maroon Buick had reportedly been parked and observed the car as it was about to exit the cul-de-sac onto the thoroughfare where he was located. Officer Cress turned on his flashing lights to stop the maroon Buick, radioed for back up law enforcement officers to join him there, drew his service revolver because the gas station robbers had reportedly been armed, ordered the two black male occupants of the maroon Buick to exit the vehicle with their hands up, repeated that order several times to the occupants as they were observed arranging or fumbling or otherwise dealing with items located on the front floorboard and the rear seat of the car. When the two black male occupants of the maroon Buick finally stepped out of the car, they were handcuffed and detained. Additional police officers had arrived at the scene by this time and the maroon Buick was cursorily searched for weapons, pursuant to which, after the shotgun was found on the person of one of the suspects, a backpack containing cash and cigarettes thought to have been taken in the gas station robbery was discovered on the back seat of the car. The car occupant-suspects were placed under arrest and transported to jail and eventually gave inculpatory statements after waiving their *Miranda* rights.

The facts and law are with the Government. The warrantless stop and subsequent search of defendants was based on Officer Cress's reasonable suspicions in light of the totality of the circumstances known to him at the time of the stop. U.S. v. Wimbush, 337 F. 3d 947, 949-50 (7th Cir. 2001) (internal cites omitted); U.S. v. Quinn, 83 F. 3d 917, 921 (7th Cir. 1996); Guidry v. Boyd, 2007 WL 2317174, at *7 (N.D. Ill. July 17 2007)(compiling similar cases). Officer Cress's sworn deposition testimony attached to the Government's response in opposition to the Motion to Suppress makes clear that this particular stop reflected his reasonable suspicions and in every way comported with the *Terry* principles relating to vehicle stops, based on the descriptions of the vehicle and the two subjects, the descriptions of the armed robbery suspects at the nearby gas station, the relevant time period involving a matter of only a few minutes between the robbery and the sightings of the occupants of the marron Buick, the physical and temporal proximity of the vehicle to the suspected criminal activity and their proximity to the reported crime.

Defendant Martin waived his right to file a reply to the Government's response which had incorporated the transcript of the deposition of Officer Cress and thus forewent the opportunity to highlight any factual disputes in controversy. Similarly, Defendant forewent the opportunity to have the Court conduct an evidentiary hearing to receive any controverted testimony and/or allow him to more fully develop any legal arguments. The Court concludes that the facts as summarized above and as more fully explicated in the Government's response (which we hereby adopt in full) are not in dispute. The applicable legal principles are well settled and afford Defendant no basis for relief when applied to the uncontroverted evidence in the record before us.

Accordingly, the Motion to Suppress is hereby DENIED.

**IT IS SO ORDERED.**

Date: ___7/25/2017___  *[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Peter A. Blackett
UNITED STATES ATTORNEY'S OFFICE
peter.blackett@usdoj.gov

Kenneth Lawrence Riggins
Kennethriggins@yahoo.com